Michael A. Taibi, Esq. SBN 160041
TAIBI & ASSOCIATES, A.P.C.
750 "B" Street, Suite 2510
San Diego, CA 92101
Tel: (619) 354-1798    Fax: (619) 784-3168
Email: taibiandassociates@gmail.com

Attorney for the Plaintiff JAIME REYES

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME REYES,<br><br>Plaintiff,<br><br>vs.<br><br>7-ELEVEN INC., BYRON F WHITE 2001 REVOCABLE TRUST 08-08-02, and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. '20CV0339 MMA LL<br><br>COMPLAINT FOR INJUNCTIVE RELIEF, ATTORNEY FEES, AND COSTS FOR VIOLATIONS OF AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT FOR DAMAGES. |

Plaintiff, JAIME REYES (Herein known as "Plaintiff"), files his causes of action within this Civil Complaint against Defendant, 7-ELEVEN INC., BYRON F WHITE 2001 REVOCABLE TRUST 08-08-02, and DOES 1-10, INCLUSIVE (s), (Herein known as known as "Defendants" and sometimes "Parties" collectively), and would show unto the Court the following:

## I. JURISDICTION AND VENUE

1. This Court has original jurisdiction regarding this matter pursuant to 2U.S.C. Section 1331 and 1343(a)(3) and (a)(4) for claims arising under the America with Disabilities act of 1990, 42 USC Section 12101, et seq. The court also has jurisdiction over subsequent jurisdiction state court matters that are incorporated into the federal jurisdiction. *Chavez v. Suzuki*, Case No. 3:05-cv-1569-BTM, 2005 WL 3477848, at *2 (S.D. Cal. Nov. 30, 2005) (citing Cal. Civ. Code §§ 54(f), 54.1(d)) and *Reyes v Le Parfait Group, LLC*, Case No. 3:18-cv-01290-BTM-NLS (S.D. Cal. Sept. 10, 2019).

3. Venue is proper in this court pursuant to 18 U.S.C. Section 1391(b) and is founded on the fact that the real property and business location, which is the subject of this action and located in the District where the Plaintiff's cause(s) of action arose.

4. All causes of action based are based on Federal law. Plaintiff was denied equal access to Defendants' facility, goods, and services in violation of both Federal was barred/injured due to violations of the afore-referenced access laws.

## II. PARTIES

5. Plaintiff alleges that Defendants are, and at all times mentioned, was a business, corporation or franchise organized and existing and/or doing business as 7-ELEVEN INC., BYRON F WHITE 2001 REVOCABLE TRUST 08-08-02 ("7-

ELEVEN"), and DOES 1-10, INCLUSIVE, located at 9609 Aero Drive, San Diego, California 92123, (herein known as "property"). Plaintiff alleges that Defendants are, and at all times was, the owner/operator, lessee or lessor of the facility located at the property.

6. Plaintiff alleges that DOES 1 through 10 were at all times relevant lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principals and/or representatives of Plaintiff. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source. Defendants and DOES 1 through 10 are hereinafter collectively referred to as "Defendants".

7. Plaintiff alleges that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representing partners, subsidiaries, partner companies, joint ventures and/or divisions of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and therefore alleges that each of the Defendants gave

consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

8. Plaintiff is a qualified individual with a disability as provided by the Americans with Disabilities Act of 1990, 42 USC Section 12102, the Disabled and other rules, codes, and/or statutory measures that refer to the protection of the rights of "physically disabled persons". Plaintiff visited the public accommodations owned and operated by Defendant with the intent to purchase and/or use the goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by Defendant.

### III. FACTS

9. Plaintiff is mobility impaired and is confined to a wheelchair. He is classified as having a physical impairment, as required by 42 USC Section 12102(2)(A) and requires a wheelchair for mobility and to gain access to public establishments.

11. On or about February 21, 2019, Plaintiff was denied full and equal access to 7-ELEVEN, owned and/or operated by the Defendants because the property was inaccessible to individuals belonging to the disabled community who use wheelchairs for mobility. Full accessibility was denied due to a lack of access to the premises. 7-ELEVEN is a food service and restaurant facility, a business

open to the public, a place of public accommodation, and a business establish open to the public.

Plaintiff attempted to sit in the dining room area but was unable to do so. There was no designated ADA compliant table available for him to be seated. Other non-ADA compliant tables were available to him, but he could not access them comfortably or maneuver his wheelchair under them. The table cannot have a pedestal or four legs as Plaintiff's wheelchair will not fit under the table allowing him to be seated easily. The afore-referenced are the only tables that were available to the Plaintiff at the time of his visits. The ADA requirements are as follows: (1) Minimum requirements 5% ADA 4.1.3(18); (2) Clear Space ADA 4.2.4.1; (3) Knee Space ADAAG 4.32.3; (4) Table Height ADAAG 4.32.4; (4)Seating Access Aisles ADA 4.1.3(18); (6) Equivalent Services Décor ADAAG 5.4; (5)Accessible Seating Integrated w/General Seating ADA 4.1.3(18).

Plaintiff asked an employee of 7-ELEVEN if there was alternative dining room seating available for a disabled person who is confined to a wheelchair, but he was told that was no other dining room seating available that would accommodate him.

Plaintiff found no designated or alternative dining room seating available for a disabled person(s) confined to a wheelchair at the time of his visits to 7-ELEVEN. Plaintiff was unable to gain full use of the dining room seating area and

was barred from full access to the facilities. He was unable to enjoy the facilities to which a disabled person is entitled.

On or about February 21, 2019, Plaintiff mailed a letter to 7-ELEVEN advising the establishment owner/operator that he was unable to gain access to the facility due to the lack of accessibility for disabled persons. (See Exhibit "A" Attached). Plaintiff returned for a subsequent visit after his initial visit but found that the dining room and counter seating was still not ADA compliant and therefore, he was unable to enjoy the facilities at 7-ELEVEN.

Plaintiff desires to return and patronize 7-ELEVEN but is barred from fully accessing the premises until Defendants cure the violations. Plaintiff occasionally patronizes other businesses in the immediate area, and he would like to return and patronize 7-ELEVEN in the future.

Defendants are required to modify any discriminatory policies, practices and procedures to avoid discriminating against people with disabilities, including Plaintiff.

12. Defendants' discrimination caused Plaintiff to experience discomfort and embarrassment.

13. The conduct of Defendants has and will cause Plaintiff to be barred from access to the facilities through Defendants' failure to provide full and equal access to Plaintiff and denying him enjoyment of the facilities. Therefore,

Defendants are in violation of the ADA Law and Accessibility Guidelines("ADAAG") and/or, other applicable codes, statutes and/or other regulations.

14. Plaintiff alleges that Defendants have continued to operate a business open to the public that is inaccessible to him and other individuals with disabilities. Pursuant to 42 USC Section 12188(a), Defendants are required to remove barriers to their existing facility. Plaintiff further alleges that removal of the barriers described in this complaint is readily achievable and can be removed with minimal difficulty or expense. Or, equivalent facilities may be provided without much difficulty or expense. Defendants are also required to modify any discriminatory policies, practices and procedures to avoid discriminating against people with disabilities, including Plaintiff.

15. Plaintiff alleges that the discriminatory policies, practices and procedures, precluding him and other disabled persons from full access of the public accommodations will continue to exist for any future visits, which will result in future discrimination of Plaintiff and other disabled persons in violation of the Americans with Disabilities Act.

## IV. FIRST CLAIM FOR VIOLATION
## OF AMERICANS WITH DISABILITIES ACT
## 42 USC SECTION 12101, et seq.

16. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15, inclusive as set forth herein.

17. Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC Section 12182(a). Therefore, Plaintiff was subjected to discrimination and is entitled to injunctive relief pursuant to 42 USC Section 12188 as a result of the actions or inaction of Defendants.

18. Plaintiff seeks an injunctive order requiring compliance with federal access laws for all access violations that exist at the property, requiring removal of architectural barriers and modification of policies, practices, and procedures, and other relief as the Court may deem proper.

19. Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected and/or will be subjected.

20. Plaintiff alleges that based on the facts placed in this complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to the facility

to purchase goods, services, facilities, privileges, advantages or accommodations within a public accommodation.

21. Plaintiff alleges that Defendants' actions constitute a violation of his rights occurred and that he suffered difficulty, discomfort and embarrassment because of his denial to full and equal access as stated above. Plaintiff is also entitled to and is requesting attorney's fees and costs.

22. At all times relevant herein, there was in effect the Americans with Disabilities Act, of which require that public accommodations and facilities provide services to people with disabilities that are equal and not inferior to the services provided to patrons who are not physically disabled.

23. Defendants owe Plaintiff a mandatory duty to provide him full and equal access to accommodations, advantages, facilities, privileges and services of all business establishments. Plaintiff is a member of the class of individuals who are protected under these statutes.

24. As a proximate result of the actions or inactions of Defendants, Plaintiff encountered embarrassment and discomfort as a result of the barriers that ADA Law is designed to prevent.

25. Defendants have a duty to exercise ordinary and reasonable care as set forth above.

26. Defendants have failed to exercise ordinary and reasonable care as set forth above.

27. As a result of Defendants' failure to exercise ordinary and reasonable care Plaintiff was unable to gain access and enjoy the facilities.

28. As controversy exists, Plaintiff alleges that Defendants' property is in violation of Title III of the Americans with Disabilities Act and Accessibility Regulations.

### V. FIRST CLAIM FOR INJUNCTIVE RELIEF

29. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28, inclusive as set forth herein

30. Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural barriers at Defendants' public accommodation, and/or to modify their policies, practices, and procedures regarding accommodating people with disabilities.

31. Plaintiff seeks injunctive relief to redress his injuries.

### VI. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT AND THEREFORE, CLAIMS DAMAGES, (On behalf of Plaintiff and against all Defendants) PURSUANT TO CAL. CIV. SECTIONS 51-53.

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

33. Therefore, since the Defendants violated Plaintiff's civil rights under the ADA, they also violated his civil rights under the Unruh Civil Rights Act and are liable for damages pursuant to Civil Code Sections 51(f), 52(a).

34. Violations of Plaintiff's civil rights under the Unruh Civil Rights Act resulted in difficulty, discomfort, and embarrassment for him, and therefore, the Defendants are also each responsible for statutory damages, i.e., a civil penalty pursuant to Civil Code of Procedure Section 55.56(a)-(c).

## JURY TRIAL DEMAND

Plaintiff hereby requests a Jury Trial in this matter.

## CONCLUSION

WHEREFORE, Plaintiff prays for a judgment against the Defendants, 7-ELEVEN INC., BYRON F WHITE 2001 REVOCABLE TRUST 08-08-02, and DOES 1-10, INCLUSIVE.

1. An order enjoining Defendants from violating disabled access laws of the United States pursuant to ADA Law Title III;

2. An order that the Court declare the respective rights and duties of Plaintiff and Defendants as to the removal of architectural barriers at defendants' public accommodation and/or as to the modification of discriminatory policies, practices, and procedures;

3. An order awarding plaintiff Injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act;

4. An order awarding Plaintiff reasonable attorney fees and costs;

5. An order awarding damages under state court Unruh Civil Rights Act;

5. An order awarding such other relief as the Court deems proper.

Dated: 02-21-2020

_____
MICHAEL A. TAIBI, Esq.
Attorney for Plaintiff
JAIME REYES